Steven C. Mahaffy, ASBN 022934
MAHAFFY LAW FIRM, P.C.
P.O. Box 12959
Chandler, Arizona 85248-0033
Phone: 480-659-7180
Fax:  480-659-5614
steve@mahaffylaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KAHALA FRANCHISING, LLC, an Arizona limited liability company.<br><br>            Plaintiff,<br><br>     v.<br><br>HYON KIM ENTERPRISES, LLC, an Indiana Limited Liability Company; HYON C. KIM, an individual; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. Trademark Infringement;**<br>**2. Unfair Competition;**<br>**3. Breach of Contract – Specific Performance;**<br>**4. Misappropriation of Trade Secrets;**<br>**5. Breach of Contract-Damages** |

Plaintiff KAHALA FRANCHISING, LLC ("Kahala"), by its attorneys, as for its Complaint against Defendants HYON KIM ENTERPRISES, LLC, an Indiana Limited Liability Company ("Franchisee"); Hyon C. Kim ("Guarantor") (Franchisee and Guarantor will be collectively herein referred to as "Defendants") states as follows:

### Nature of the Case

1.      This is an action for preliminary and permanent injunctive relief to enjoin Defendants' unlawful misuse of certain proprietary names and marks owned by Kahala.

Until recently, Defendant Franchisee was a Kahala franchisee pursuant to a written franchise agreement, personally guaranteed by Guarantor, granting Defendant Franchisee a limited license to use Kahala's proprietary names and marks, including its federally-registered trademarks, in connection with the operation of an authorized Surf City Squeeze® in Greenwood, Indiana (store #1762).   Notwithstanding the expiration of the franchise agreement on December 31, 2015, Defendants have failed to comply with their post-expiration obligations, including their obligations to timely de-identify their former franchised store, to cease and desist from any and all use of Surf City Squeeze® names and marks, and to return all trade secret, confidential and propriety information to Kahala. Further Defendants have breached their continuing covenant not to compete by operating a "Hawaiian Smoothie" business in the identical location of the Surf City Squeeze.  As a result of Defendants' actions, Kahala has been and, unless the injunctive relief sought herein is issued, shall continue to be irreparably harmed by Defendants' misconduct.

**Parties**

2.      Kahala is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.  Kahala is a franchisor of independently owned and operated restaurants serving smoothies, fruit drinks and related products, with hundreds of locations nationwide, operating under the name "Surf City Squeeze®."

3.      Upon information and belief, Defendant Hyon Kim Enterprises, LLC is an Indiana Limited Liability Company, and Defendant Hyon C. Kim is a citizen and resident of Indiana residing in or around Fishers , Indiana.

**Jurisdiction and Venue**

4.     The Court has original and supplemental subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

5.     Venue is proper in this Court under 28 U.S.C. § 1391, in that the Defendants have contractually agreed to be "governed by the substantive laws of the state of Arizona, and venue for any dispute under this agreement shall be the appropriate state or federal court in Maricopa County, Arizona." A substantial part of the events or omissions giving rise to the claims asserted herein occurred in this juridical district.

**The Marks and the Surf City Squeeze® Franchise System**

6.     To identify the source, origin and sponsorship of authorized Surf City Squeeze® stores offering a uniform and unique method of operation, customer service, advertising, publicity, processes, recipes, techniques and technical knowledge in connection with the restaurant business, specializing in smoothies, fruit drinks, functional drinks, nutritional supplements, and other beverage and food items, and to distinguish those products and services from those established, made, offered and sold by others, Kahala, its predecessors, franchising affiliates, and authorized Kahala franchisees, have extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to "Surf City Squeeze" (collectively, the "Surf

City Squeeze Marks").

7.    The Surf City Squeeze Marks are registered on the Principal Register of the United States Patent and Trademark Office.

8.    Kahala is authorized to use and license the below listed trademark and service mark registrations issued by the United States Patent and Trademark Office for the Surf City Squeeze trademarks and service marks, which have not been canceled, are now and have been valid at all times pertinent, and are in full force and effect.

| Mark | Registration # | Registration Date |
|---|---|---|
| SURF CITY SQUEEZE DESIGN STACKED | 3,141,952 | 9/12/2006 |
| SURF CITY SQUEEZE DESIGN HORIZONTAL | 3,157,668 | 10/17/2006 |
| SURF CITY SQUEEZE (circle design) | 3,192,296 | 1/2/2007 |
| SURF CITY SQUEEZE (wave design) | 2,666,238 | 12/24/2002 |
| SURF CITY SQUEEZE | 2,666,237 | 12/24/2002 |

9.    Notice has been given to the public of the registration of the Surf City Squeeze Marks as provided in 15 U.S.C. § 1111 and all legal requirements have been complied with to ensure that Kahala and its authorized licensees remain the exclusive users of the Surf City Squeeze Marks.  Kahala, its predecessors and franchising affiliates,

and authorized Surf City Squeeze franchisees, have continuously used the Surf City Squeeze Marks in interstate commerce in connection with the promotion, sale and franchising of Surf City Squeeze Stores and the promotion and sale of the products and services they offer throughout the United States and worldwide, since at least the date of their registration.

10. Kahala is the owner of the Surf City Squeeze franchise program. Pursuant to franchise agreements entered into by and between Kahala and its authorized and approved franchisees, Kahala had granted franchises to qualified persons to own and operate Surf City Squeeze Stores, together with a limited license to use the Surf City Squeeze Marks and the Surf City Squeeze System in connection therewith, but only in such manner and at such locations as are expressly authorized by Kahala in the franchise agreements.

11. Kahala and its authorized franchisees have extensively advertised and promoted Surf City Squeeze Stores and the products and services they offer under the Surf City Squeeze Marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products and services offered by Kahala and its authorized franchisees under the Surf City Squeeze Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

12. Under the Surf City Squeeze Marks, Kahala has developed a system over a period of time and at considerable expense to establish a uniform and unique method of operation, customer service, advertising, publicity, processes, recipes,

techniques and technical knowledge in connection with the restaurant business,

specializing in smoothies, fruit drinks, functional drinks, nutritional supplements, and

other beverage and food items. Many of these recipes, techniques, and much of the

information, constitute trade secrets. All of the outlets, knowledge, experience,

processes, methods, specifications, techniques and proprietary marks and information of

Kahala are referred to as the Surf City Squeeze System or the System. (the "Surf City

Squeeze System" or the "System"). These stores do business under the Surf City

Squeeze Marks.

### The Parties' Franchise Agreement

13.     On or about August 30, 2007, Kahala's predecessor in interest (Kahala

Franchise Corp.), as franchisor, and Defendant Franchisee, entered into a written

franchise agreement (the "Franchise Agreement") pursuant to which Franchisee was

granted a franchise to operate Surf City Squeeze® Store #1762 in Greenwood Mall,

Greenwood, Indiana. The Franchise Agreement expires after ten (10) years unless

renewed by the franchisee in writing. Guarantor is the personal guarantor of the

obligations under the Franchise Agreement and any other related agreements.  (The

Franchise Agreement is attached hereto and incorporated herein by reference as Exhibit

"A").

14.     In exchange for the right to own and operate a Surf City Squeeze®

Store franchise, Defendants agreed, *inter alia*, to operate their franchise in accordance

with the standards set forth in the Franchise Agreement and the Surf City Squeeze

Operating Manuals and to pay Kahala certain monthly license fees, royalty fees and advertising fees.

15.    Defendants expressly acknowledged in the Franchise Agreement Kahala's exclusive rights in the Surf City Squeeze Marks. Defendants agreed, *inter alia*, not to use the Surf City Squeeze Marks or any variation thereof, other than in accordance with the provisions of the Franchise Agreement or to do anything that would harm the good will associated with the Marks.

16.    Kahala is also the owner of the confidential and proprietary trade secrets of the Surf City Squeeze System. Pursuant to the parties' written Franchise Agreement, Defendants agreed to keep the trade secret System and its confidential and proprietary information confidential. Defendants further agreed to only use the Surf City Squeeze System in such manner and at such locations as are expressly authorized by Kahala in the Franchise Agreement. Defendants expressly acknowledged in the Franchise Agreement Kahala's exclusive rights in the Surf City Squeeze System. Defendants agreed, *inter alia*, not to use the Surf City Squeeze System or any variation thereof, other than in accordance with the provisions of the Franchise Agreement or to do anything that would disclose the Surf City Squeeze System.

17.    Defendants also agreed that, upon expiration of the Franchise Agreement for any reason, Defendants would, *inter alia*, cease to hold themselves out as a franchisee of Kahala and cease to use the Surf City Squeeze Marks and Surf City Squeeze System in any form.

18.    Defendants also agreed that, upon expiration of the Franchise Agreement,

they would, at Defendants' expense:

    a.   immediately pay all sums or amounts due and owing to Kahala;

    b.   return to Kahala all operating manuals and other confidential and proprietary information and instructions and recipes provided to them in connection with the Surf City Squeeze System and operation of their former Surf City Squeeze Store;

    c.   cease all advertising under the Surf City Squeeze Marks and return to Kahala all materials containing the Surf City Squeeze Marks; and

    d.   take all steps necessary to delete any public listing under the Surf City Squeeze Marks, transfer the telephone number for their formerly franchised store to Kahala, and cancel any name registrations with the Secretary of State.

19.    Defendants also agreed to pay attorneys' fees incurred by Kahala in connection with the enforcement of its rights under the Franchise Agreement and as to the Surf City Squeeze Marks.

20.    Kahala has fully performed all of its obligations under the Franchise Agreement.

## Expiration of the Franchise Agreement

21.    On or about December 21, 2015, Kahala sent a notice to Defendants reminding them of their post-expiration obligations, which included refraining from using the Surf City Squeeze Marks or otherwise holding themselves out as being affiliated with or sponsored by Surf City Squeeze® and demanding return of all confidential and

proprietary information.

22.     On December 31, 2015, the Franchise Agreement expired by its own terms and Defendants failed to renew it. Upon expiration, Defendants were required to comply with their post-expiration obligations under the Franchise Agreement, including those enumerated in the above paragraphs.

### Defendants' Breaches of the Franchise Agreement

23.     Despite the expiration of the Franchise Agreement and Kahala's demands that Defendant comply with their post-expiration obligations, Defendants continued to operate using the Surf City Squeeze Marks and System at the location of their former Surf City Squeeze Store #1762.

24.     Defendants have also violated other post-expiration obligations contained in their written Franchise Agreement with Kahala.  Specifically, Defendants refuse to (i) cease using and return to Kahala its proprietary System and equipment, including all operating manuals and other confidential and proprietary information and instructions and recipes provided to them; (ii) return all materials bearing the Surf City Squeeze logos and Marks; (iii) cease all advertising under the Surf City Squeeze Marks; and, (iv) assign the telephone number associated with their former Surf City Squeeze Store #1762 to Kahala; (iv) breaching the covenant not to compete by owning and operating an identical store at the same location as the Surf City Squeeze Store #1762.

25.     On or about September 29, 2016, Kahala sent a letter to Defendants.  The letter provided Notice that Kahala had become aware that a Hawaiian Smoothie

restaurant was open and operating at the same location where the Defendant's Surf City Squeeze franchise location was previously located and initial research indicates the Defendants were the owners of the Hawaiian Smoothie restaurant.

26.    On or about October 28, 2016, Kahala sent a Cease and Desist letter to Defendants.  The letter provided Notice requiring that Defendants cease and desist from operating the restaurant "Hawaiian Smoothie" at the same location as the Surf City Squeeze franchise and to discontinue use of all of Kahala's proprietary information (the Cease and Desist letter is attached hereto and incorporated herein by reference as Exhibit "B").

27.    As a direct and proximate result of Defendants' actions, Plaintiff has been and is likely to be irreparably harmed and substantially injured in its business, including goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

28.    Plaintiff has no adequate remedy at law because the Surf City Squeeze Marks are unique and represent to the public the identity, reputation and goodwill of Surf City Squeeze®, such that damages alone cannot fully compensate Kahala for Defendants' misconduct.

29.    Unless enjoined by the Court, Defendants will continue to use and infringe upon the Surf City Squeeze Marks and use Kahala's trade secret System and confidential information - all to Kahala's irreparable injury. This threat of future injury to Kahala's business identity, goodwill and reputation requires injunctive relief to

prevent Defendants' continued use of the Surf City Squeeze Marks and to ameliorate and mitigate Kahala's injuries.

**First Claim for Relief—Trademark Infringement**
**(against all Defendants)**

30.     Plaintiff repeats and re-alleges paragraphs 1 through 28 of the Complaint as and for this paragraph 29 as if fully set forth herein.

31.     Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Surf City Squeeze Marks, and are likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. §1114.

32.     As a direct and proximate result of Defendants' infringement, Kahala has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

33.     Kahala has no adequate remedy at law because the Surf City Squeeze Marks are unique and represent to the public Kahala's identity, reputation, and goodwill, such that damages alone cannot fully compensate Kahala for Defendants' misconduct.

34.     Unless enjoined by the Court, Defendants will continue to use and infringe the Surf City Squeeze Marks, to Kahala's irreparable injury. This threat of future injury to Kahala's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the Surf City Squeeze Marks, and to ameliorate and mitigate Kahala's injuries.

1

2

3

4

## Second Claim for Relief – Unfair Competition
## (against all Defendants)

5

6

7

35.     Plaintiff repeats and re-alleges paragraphs 1 through 33 of the Complaint as and for this paragraph 34 as if fully set forth herein.

8

9

10

11

12

13

14

36.     Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C § 1125(a).

15

16

17

18

37.     As a direct and proximate result of Defendant's infringement, Kahala has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

19

20

21

22

38.     Kahala has no adequate remedy at law because the Surf City Squeeze Marks are unique and represent to the public Kahala's identity, reputation, and goodwill, such that damages alone cannot fully compensate Kahala for Defendants' misconduct.

23

24

25

26

27

28

39.     Unless enjoined by the Court, Defendants will continue to use and infringe the Surf City Squeeze Marks, to Kahala's irreparable injury. This threat of future injury to Kahala's business identity, goodwill, and reputation requires injunctive

relief to prevent Defendants' continued use of the Surf City Squeeze Marks, and to ameliorate and mitigate Kahala's injuries.

### Third Claim for Relief – Breach of Franchise Agreement – Specific Performance (against all Defendants)

40.    Plaintiff repeats and re-alleges paragraphs 1 through 38 of the Complaint as and for this paragraph 39 as if fully set forth herein.

41.    Defendants have also violated the post-expiration obligations contained in their written Franchise Agreement with Kahala. Specifically, Defendants refuses to (i) cease using and return to Kahala its proprietary System and equipment, including all operating manuals and other confidential and proprietary information and instructions and recipes provided to them; (ii) return all materials bearing the Surf City Squeeze logos and Marks; (iii) cease all advertising under the Surf City Squeeze Marks; and, (iv) assign the telephone number associated with their former Surf City Squeeze Store #1762; (iv) breaching the covenant not to compete by owning and operating an identical store at the same location as the Surf City Squeeze Store #1276..

42.    Defendants' failure to comply with his post-expiration obligations constitutes a material breach of the Franchise Agreement.  Kahala has fully performed all of its obligations under the Franchise Agreement.

43.    Kahala has no adequate legal remedy for Defendants' breach because

its damages, including harm to its goodwill, are difficult to quantify, and therefore monetary damages alone cannot adequately, completely and fully compensate Kahala for the harm caused by Defendants' misconduct.

44.     Unless enjoined and ordered by the Court to specifically perform their post-expiration obligations under the Franchise Agreement, Defendants' breaches will continue to cause Kahala irreparable harm.

## Fourth Claim for Relief – Misappropriation of Trade Secrets
## (ARS §44-401, *et seq.*)
## (against all Defendants)

45.     Plaintiff repeats and re-alleges paragraphs 1 through 43 of the Complaint as and for this paragraph 44 as if fully set forth herein.

46.     Under the Surf City Squeeze Marks, Kahala has developed a system over a period of time and at considerable expense to establish a uniform and unique method of operation, customer service, advertising, publicity, processes, recipes, techniques and technical knowledge in connection with the restaurant business, specializing in smoothies, fruit drinks, functional drinks, nutritional supplements, and other beverage and food items (the "Surf City Squeeze System" or the "System").

47.     The Surf City Squeeze System, including Kahala's operations manuals, proprietary processes, recipes and methods are trade secrets as defined by the Arizona Uniform Trade Secrets Act, ARS § 44-401 *et seq.* ("the UTSA").

48.     Kahala's trade secrets have independent economic value because they

are not generally known within the industry or the public at large, provide a valuable competitive business advantage to authorized franchisees and are the result of significant research and development, know-how and monetary investment made by Kahala.

49.    Kahala has taken proper and reasonable efforts under the circumstances to insure that its innovative technology and processes remain trade secrets known only to Kahala and its franchisees.

50.    Defendants acknowledged that the Surf City Squeeze System was a trade secret in the Franchise Agreement and agreed to keep the System confidential. Defendants further agreed that upon expiration of their Franchise Agreement, they would return and cease using the Surf City Squeeze System.

51.    Defendants continue to operate under the Surf City Squeeze Marks using the Surf City Squeeze System. Such acts constitute misappropriation under the UTSA.

52.    Defendants' conduct has caused, and will continue to cause, irreparable harm to Kahala and its authorized franchisees. Unless and until enjoined, Defendants will continue to receive the benefit of the trade secrets misappropriated from Kahala, which trade secrets have aided and will continue to aid Defendants to compete unfairly with Kahala. Kahala will forever lose the value of its significant investment of time and money in its trade secret Surf City Squeeze System. Kahala's competitive position, based upon its valuable knowledge, access to and use of its trade secrets, will be irretrievably lost.

53.    As a direct and proximate result of the misappropriation of Kahala's

trade secrets by Defendants, Kahala has been damaged in that Defendants have and will continue to receive the benefits of the trade secrets, which have aided and continue to aid Defendants to compete unfairly against Kahala, and Kahala will suffer the loss of revenues from sales of its products and services.

54.     Defendants acted willfully entitling Kahala to recover attorneys' fees.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

A.    A preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them from:

1.  Using the Surf City Squeeze or any trademarks, service mark logo, or trade name that is confusingly similar to any of the Surf City Squeeze Marks;

2.  Otherwise infringing the Surf City Squeeze Marks or using any similar designation, alone or in combination with any other components;

3.  Passing off any of their products or services as those of Kahala or its authorized franchisees;

4.  Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Kahala and its franchisees or any of Kahala's products or services; and

5.  Unfairly competing with Kahala or its franchise, in any manner;

B.    An order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints,

packages, wrappers, receptacles, logo items, and advertisements in the possession of Defendants, their agents, servants and employees, and those people in active concert or participation with them bearing any of the Surf City Squeeze Marks, and all plates, molds, and other means of making the same, if any, be delivered to Kahala at Defendants' cost;

C.     That Defendants be required to promptly eliminate all advertising under the Surf City Squeeze Marks or any other confusingly similar designations from all media including, but not limited to, the internet, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendant's cost;

D.     Preliminary and permanent injunctive relief ordering Defendants to specifically perform their post-expiration obligations to:

1.   Cease using and return to Kahala its proprietary System and equipment, including all operating manuals and other confidential and proprietary information and instructions and recipes provided to them;

2.   Cease all advertising under the Surf City Squeeze Marks and return to Kahala all materials containing the Surf City Squeeze Marks and logos; and

3.   Take all steps necessary to delete any public listing under the Surf City Squeeze Marks, including transferring the telephone number for his formerly franchised store to Kahala and cancelling any name registrations with the Secretary of State and cease and desist from

operating a business which violates the non-competition clause of Defendants Franchise Agreement, the duration of which should be extended for the full length of time set forth in the Franchise Agreement beginning as of the date of entry of the Court order requiring the same;

E.     Preliminary and permanent injunctive relief pursuant to ARS §44-401, *et seq* enjoining Defendants from using Plaintiff's trade secret and proprietary Surf City Squeeze System and ordering Defendants to return all operating manuals and other confidential, trade secret and proprietary information and instructions and recipes provided to them;

F.     That Defendants be required to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

G.      That Defendants account and pay over to Plaintiff all gains, profits and advantages derived by them as a result of their infringement of the Surf City Squeeze Marks and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and by the controlling principles of common law;

H.     That Defendants pay to Plaintiff such damages as Plaintiff has sustained by reason of said trademark infringement and unfair competition;

I.     That Defendants pay to Plaintiff such damages as it has sustained by reason of Defendants' breach of the Franchise Agreement;

L.     An award of costs and expenses, including reasonable attorneys' fees

incurred by Plaintiff in connection with this action as provided for by the Franchise Agreement, and statute; and,

M.     Such other and further relief as the Court deems just and proper.

Dated this 20th day of April 2017.

MAHAFFY LAW FIRM, P.C.

/s/ *Steven C. Mahaffy*

By:  Steven C. Mahaffy, ASBN. 022934
Attorneys for Defendants